UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOLIDAY HAVEN HOMEOWNERS, INC.,
in its representative capacity on behalf of itself,
and all current and former mobile homeowners
in the Park,

      Plaintiff,

                                          Case No.:  6:21-cv-00174

v.

VINCENT TARANTO, MARIA TARANTO,
SHAMROCK TARANTO-VPDL MHP LLC,
GEORGE RUHLEN, CRP/CRE PONCE DE LEON
OWNER, LLC, CRP/CRE PORTFOLIO VENTURE,
LLC, CRP/CRE MEMBER, LLC, ERIK HAGEN,
COBBLESTONE PROPERTY MANAGEMENT, LLC,
COBBLESTONE REAL ESTATE, LLC, DAVID NAPPY,
JUSTIN IANNACONE, GREG BARTON,
DEBBIE WEBER, COVE TRS-VENTURE 1, LLC,
COVE COMMUNITIES REIT-VENTURE I, LLC,
COVE PROPERTY MANAGEMENT, LLC,
THE WATERS-VENTURE I, LLC, FLORIDA
MANUFACTURED HOUSING ASSOCIATION, INC.,
J. ALLEN BOBO, AND LUTZ, BOBO & TELFAIR, P.A.,
d/b/a LUTZ, BOBO, TELFAIR, EASTMAN & BOBO,
f/k/a LUTZ, WEBB & BOBO, P.A.,

      Defendants.

_____/

## NOTICE OF REMOVAL

      Defendants, George Ruhlen, CRP/CRE Ponce De Leon Owner, LLC, CRP/CRE Portfolio

Venture, LLC, CRP/CRE Member, LLC, J. Allen Bobo, and Lutz, Bobo, & Telfair, P.A. (the

"**Removing Defendants**"), hereby remove the above-styled cause to the United States District

Court for the Middle District of Florida, Orlando Division, and respectfully show:

**Statement of Grounds for Removal**

This Notice of Removal is based on 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1367, and the Class Action Fairness Act.

**Basis for Removal**

1.      On September 29, 2020, Plaintiff, Holiday Haven Homeowners, Inc. (the "**HOA**"), on behalf of itself and a putative class of current and former mobile homeowners, commenced this action in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida, styled *HOLIDAY HAVEN HOMEOWNERS, INC. v. TARANTO, et al.*, Case Number 2020-CA-044369 (the "**Instant Action**").  A copy of the complaint filed in the Instant Action is attached hereto as Exhibit "A."

2.      The HOA is the statutory homeowners' association for Waters Mobile Home Park in Brevard County, Florida.

3.      The putative class consists of "more than 200 current and former mobile homeowners in the Park…."  (Ex. A at p. 5).

4.      The HOA is a Florida not-for-profit corporation, with its principal place of business in Melbourne, Florida.  (Ex. A at ¶ 4).  For diversity purposes, it is a citizen of the State of Florida.

5.      The putative class includes current and former mobile homeowners in the Waters Mobile Home Park.  The citizenship of these individuals is unknown at this time.

6.      Several of the Defendants in the Instant Action are not citizens of Florida.

7.      For instance, Defendant George Ruhlen is domiciled in the State of Arizona where he maintains his true, fixed, and permanent home and principal establishment and to which he intends to return whenever he is absent from it. As such, for the purposes of diversity jurisdiction, Ruhlen is a citizen of Arizona.

8.     Further, upon information and belief, of Defendants CRP/CRE Ponce De Leon Owner, LLC, CRP/CRE Portfolio Venture, LLC, CRP/CRE Member, LLC, Erik Hagen, Cobblestone Property Management, LLC, Cove TRS-Venture 1, LLC, and Cove Communities REIT-Venture I, LLC, none is a citizen of Florida.

## Bases for Removal

9.     Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

10.     Count II of the complaint in the Instant Action asserts a claim under the ADA, 42 U.S.C. § 12101, *et seq*.  Accordingly, this Court has original jurisdiction over the ADA claim.  28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the state law claim (Count I) pursuant to 28 U.S.C. § 1367, and this entire Instant Action is removable under 28 U.S.C. § 1441(a).

11.     Separately and independently, this Court also has original jurisdiction over the Instant Action under the Class Action Fairness Act of 2005 ("**CAFA**"), 28 U.S.C. § 1332(d), and the Instant Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

12.     CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

13.     The Instant Action falls within the jurisdictional confines of CAFA.

14.     A "class action" under 28 U.S.C. § 1332(d)(1)(B) is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  The Instant Action is a class action within this definition.

3

15.     CAFA also instills a minimal diversity threshold requirement.  That is, "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, at a minimum, Ruhlen is a citizen of Arizona. Thus, he has a different citizenship than that of the HOA.  Upon information and belief, the same is true for Defendants CRP/CRE Ponce De Leon Owner, LLC, CRP/CRE Portfolio Venture, LLC, CRP/CRE Member, LLC, Erik Hagen, Cobblestone Property Management, LLC, Cove TRS-Venture 1, LLC, and Cove Communities REIT-Venture I, LLC. Accordingly, the Instant Action meets the minimal diversity threshold.

16.     CAFA next mandates that the purported class contain at least 100 members for jurisdiction to exist.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  Here, Plaintiff claims the putative class consists of more than 200 current and former mobile homeowners.  As such, the Instant Action meets the numerosity requirement of CAFA.

17.     Finally, CAFA mandates that the amount in controversy exceed $5,000,000.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  Here, the HOA seeks compensatory damages equal to the alleged amount of increased lot rental amounts, ad-valorem pass-ons and pass-throughs, exemplary and trebled damages under the Florida Antitrust Act, injunctive relief ordering Defendants to make substantial modifications to the Park, attorneys' fees, and costs.  (Ex. A at pp. 34, 40).  In the aggregate, the value of the amount Plaintiff has attempted to put in controversy plausibly exceeds $5,000,000.  As such, the Instant Action satisfies the amount in controversy requirement of CAFA.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (Notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

4

18.     Accordingly, this Court has original jurisdiction over the Instant Action pursuant to CAFA and 28 U.S.C. § 1332(d).

## Timeliness of Removal

19.     The earliest of the Removing Defendants was served with the complaint in the Instant Action on January 4, 2021.

20.     The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017).  This Notice of Removal is filed within 30 days of January 4, 2021 in compliance with 28 U.S.C. § 1446(b).

## This Court is the Proper Venue for the Instant Action

21.     The Removing Defendants seek removal to the Middle District of Florida, Orlando Division, the District in which the action is now pending. 28 U.S.C. § 1441(a).

22.     This Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

23.     A written notice of filing this Notice of Removal will be provided to the attorney for Plaintiffs as well as the Eighteenth Judicial Circuit Court in and for Brevard County, Florida.

24.     Following the filing of this Notice of Removal, a true and accurate copy will be filed with the Clerk of Court for the Eighteenth Judicial Circuit Court in and for Brevard County, Florida as required by 28 U.S.C. § 1446(d).

25.     Pursuant to Local Rule 4.02, in addition to the Complaint, contemporaneously with the filing of this notice, true and accurate copies of all other pleadings, orders, other papers, or exhibits on file in the Instant Action have also been filed.

## CONCLUSION

Defendants remove this action and respectfully request for it to proceed in this Court.

*s/ Ali V. Mirghahari*

Mahlon H. Barlow
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
Ali V. Mirghahari
Florida Bar No. 1003493
amirghahari@sbwlegal.com
avmassistant@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, FL 33602
Main: (813) 221-4242
Fax:  (813) 227-8598
*Co-Counsel for Removing Defendants*


and

J. Allen Bobo
Florida Bar No. 0356980
jabobo@lutzbobo.com
Jody B. Gabel
Florida Bar No. 0008524
jbgabel@lutzbobo.com
LUTZ, BOBO & TELFAIR, P.A.
2 North Tamiami Trail, Suite 500
Sarasota, FL  34236-5575
Telephone:  (941) 951-1800
Toll free:    (877) 951-1800
Fax:            (941) 366-1603
*Co-Counsel for Removing Defendants*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2021, a true and correct copy of the foregoing

was filed with the Clerk of the Court using the CM/ECF system, and a copy was sent via e-mail to:

Daniel W. Perry, Esq.
4767 New Broad Street, Ste. 1007
Orlando, FL 32814-6405
dan@danielperry.com
*Counsel for Plaintiff*

*s/ Ali V. Mirghahari*
Attorney