UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOLIDAY HAVEN HOMEOWNERS, INC.,**

        **Plaintiff,**

v.                                          Case No. 6:21-cv-174-CEM-EJK

**VINCENT TARANTO, MARIA TARANTO, SHAMROCK TARANTO-VPDL MHP LLC, GEORGE RUHLEN, CRP/CRE PONCE DE LEON OWNER, LLC, CRP/CRE PORTFOLIO VENTURE, LLC, CRP/CRE MEMBER, LLC, ERIK HAGEN, COBBLESTONE PROPERTY MANAGEMENT, LLC, GREG BARTON, COVE TRS-VENTURE 1, LLC, THE WATERS-VENTURE I, LLC, J. ALLEN BOBO, and LUTZ, BOBO & TELFAIR, P.A.,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court upon *sua sponte* review of the record. This case was originally filed in state court, (State Ct. Compl., Doc. 1-1, at 2), and removed here on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and Class Action Fairness Act ("CAFA") jurisdiction, *id.* § 1332(d), (Notice of Removal,

Doc. 1, at 2).[1] The Notice of Removal also argued that this Court had supplemental jurisdiction over related state law claims. (*Id.* at 3); *see also* 28 U.S.C. § 1367(a). Subsequent to removal, Plaintiff filed an Amended Complaint (Doc. 25)[2] and a Second Amended Complaint ("SAC," Doc. 60). The Court now reviews the SAC to determine if subject matter jurisdiction still exists over all of the claims.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). When a complaint is amended subsequent to removal and removes the original basis for federal subject matter jurisdiction, a district court has discretion whether to retain jurisdiction over the state law claims.[3] *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).

Here, federal question jurisdiction no longer exists because the SAC asserts only state law claims. (*See* Doc. 60 at 33–70 (asserting claims pursuant to the Florida

---

[1] The case was removed by Defendants George Ruhlen, CRP/CRE Ponce De Leon Owner, LLC, CRP/CRE Portfolio Venture, LLC, CRP/CRE Member, LLC, J. Allen Bobo, and Lutz, Bobo, & Telfair, P.A. (Doc. 1 at 1).

[2] The Court previously dismissed the Amended Complaint as a shotgun pleading and granted Plaintiff leave to file the Second Amended Complaint. (May 24, 2021 Order, Doc. 58, at 8).

[3] The Eleventh Circuit has stated an exception to this discretionary standard in diversity cases where the amount in controversy is amended with the filing of a subsequent complaint after removal. *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290–91 (11th Cir. 2000). This exception does not apply here because the case was not removed on the basis of diversity jurisdiction.

Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101 *et seq.*; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*; and the Florida Mobile Home Act, Fla. Stat. § 723.001 *et seq.*)).

As to CAFA jurisdiction, in some of the Motions to Dismiss (Doc. Nos. 71, 72, 73) pending on the record,[4] Defendants argue that Plaintiff is asserting Count 6 of the SAC, the Florida Mobile Home Act claim, as a class claim. (Doc. 71 at 7; Doc. 72 at 5; Doc. 73 at 7). Count 6 alleges that Plaintiff, a "mobile home owner association," (Doc. 60 at 5), brings its claims "on behalf of the 200 current and former member mobile homeowners in the Waters Mobile Home Park," (*id.* at 3). And Plaintiff defines "[t]he members of the class" as the "individual Homeowners." (*Id.* at 56).

In its Omnibus Response (Doc. 77), however, Plaintiff explains that it is not asserting a class claim, but rather, a claim by the homeowners' association on matters of common interest to those homeowners in the park. (*Id.* at 8). Specifically, Plaintiff is attempting to bring Count 6 in a representative capacity under Florida Rule of Civil Procedure 1.222, which permits "[a] mobile homeowners' association [to] institute, maintain, settle, or appeal actions or hearings in its name on behalf of all

---

[4] The Court considers these Motions to Dismiss for the limited purpose of determining whether the Court has subject matter jurisdiction over the claims in the SAC. The Court has not considered the merits of the Motions to Dismiss.

homeowners concerning matters of common interest."[5] This type of claim is not a class action, as that term is understood for CAFA jurisdiction. Thus, Plaintiff is not, and has apparently never been,[6] asserting any class claims, and CAFA jurisdiction is not present. *See Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) ("The plaintiff is the master of the complaint" and "[t]he plaintiff selects the claims that will be alleged in the complaint." (quoting *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997))).

Because the original bases for jurisdiction asserted in the Notice of Removal are no longer present, the Court declines to continue exercising jurisdiction over this action and will remand the case back to state court for further consideration. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit Court in and for Brevard County, Florida, Case Number 2020-CA-044369.

2. The Clerk is directed to close this case.

---

[5] This Court makes no findings as to whether such a representative capacity claim based on a Florida Rule of Civil Procedure would be permitted to go forward in federal court.

[6] Indeed, even the Court was confused by the inartful pleading in the Amended Complaint. (Doc. 58 at 2 (referring to the case as "a putative class action")). But, as noted in the previous Order dismissing the Amended Complaint, the Court was unable to undertake any sort of substantive analysis because the Amended Complaint was a shotgun pleading. (*Id.* at 3 n.1). The SAC sets forth a clearer picture of the nature of the claims being asserted, and it is incumbent upon the Court to continue to ensure jurisdiction at every stage of litigation. *Nicholson v. Shafe*, 558 F.3d 1266, 1269 (11th Cir. 2009) (discussing a district court's "ongoing duty to inquire as to jurisdiction").

**DONE** and **ORDERED** in Orlando, Florida on August 11, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida